UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONICA INGER SLOAN,                    Civil Action No.: 17-11150
                                       Honorable Marianne O. Battani
                      Plaintiff,       Magistrate Judge Elizabeth A. Stafford

v.

COMMISSIONER OF
SOCIAL SECURITY,

                      Defendant.

_____/

## REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 17, 23]

Plaintiff Monica Sloan appeals a final decision of defendant Commissioner of Social Security (Commissioner) denying her application for disability insurance benefits (DIB) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). After review of the record, the Court finds that the administrative law judge's (ALJ) decision is supported by substantial evidence, and thus

**RECOMMENDS** that:

- Sloan's motion [ECF No. 17] be **DENIED**;

- the Commissioner's motion [ECF No. 23] be **GRANTED**; and

- the Commissioner's decision be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

## I.   BACKGROUND

### A.   Background and Disability Applications

Sloan was born on May 10, 1971, making her 34 years old on her alleged onset date of June 14, 2014.  [ECF No. 11-5, Tr. 140].  She has an associate's degree and prior work history as a physical therapist assistant.  [ECF No. 11-2, Tr. 45-46; 11-6, Tr. 168, 174].  Sloan alleged disability due to debilitating arthritis, fibromyalgia, chronic pain, migraine headaches, spinal instability/inflammation, depression due to pain, radiating nerve pain, and arm and leg instability.  [ECF No. 11-6, Tr. 167-68].

After the Commissioner denied her disability application initially, Sloan requested a hearing, which took place in June 2016, during which she and a vocational expert (VE) testified.  [ECF No. 11-2, Tr. 38-73].  In a September 28, 2016, written decision, the ALJ found Sloan to be not disabled.  [*Id.*, Tr. 33].  The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner, and Sloan timely filed for judicial review.  [*Id.*, Tr. 1-3; ECF No. 1].

### B.     The ALJ's Application of the Disability Framework Analysis

DIB is available for those who have a "disability."  *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).  A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps.  First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled.  20 C.F.R. § 404.1520(a)(4).  Second, if the claimant has not had a severe impairment or a combination of such impairments[1] for a continuous period of at least 12 months, no disability will be found.  *Id.*  Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.*  If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity, and will find the claimant not disabled if he or she can still do past relevant work.  *Id.*  At the

---

[1] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities."  § 1520(c).

final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Sloan was not disabled. At the first step, he found that Sloan had not engaged in substantial gainful activity since her alleged onset date. [ECF No. 11-2, Tr. 23]. At the second step, the ALJ found that Sloan had the severe impairments of "degenerative joint disease of the left knee, osteoarthritis, fibromyalgia, degenerative disc disease of the lumbar spine with radiculopathy, diverticulosis, ankylosing spondylosis, and migraine headaches." [*Id.*]. Next, the ALJ concluded that none of her impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. [*Id.*, Tr. 25-26].

Between the third and fourth steps, the ALJ found that Sloan had the RFC to perform sedentary work as defined in 20 C.F.R. 404.1567(a), except that:

> [T]he claimant can lift up to 10 pounds occasionally. The claimant can stand/walk for about 2 hours and sit for up to 6

4

hours in an 8-hour workday, with normal breaks.  The claimant can never perform pushing, pulling, or operation of foot controls.  The claimant can never climb ladders, ropes, or scaffolds.  The claimant can occasionally climb ramps or stairs, balance, stoop, kneel, crouch, and crawl.  The claimant is limited to jobs that can be performed while using a handheld assistive device for uneven terrain or prolonged ambulation.  The claimant must avoid concentrated exposure to extreme cold and excessive noise.  The claimant must avoid all exposure to excessive vibration, unprotected heights, and the use of hazardous moving machinery.

[*Id.*, Tr. 26].  At the fourth step, the ALJ concluded that Sloan could not perform her past relevant work.  [*Id.,* Tr. 31].  At the final step, after considering Sloan's age, education, work experience, RFC, and the testimony of the VE, the ALJ determined that Sloan could perform work in occupations such office clerk, reception and information clerk, and surveillance systems monitor, which exist in significant numbers in the national economy.  [*Id.*, Tr. 31-32].

## II.    ANALYSIS

### A.

Pursuant to § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards.  *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Sloan argues that the ALJ erred in relying on the opinion of state agency consultant R.H. Digby, M.D., and by failing to give greater weight to the opinion of consultative examiner R. Scott Lazzara, M.D. The Court disagrees, finding that the ALJ's conclusion was supported by substantial evidence.

## B.

The ALJ found that Sloan's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible. [ECF No. 11-2, Tr. 27]. Credibility determinations of witnesses are within the province of the ALJ and should not be disturbed "absent compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). At the same time, "such determinations must find support in the record." *Rogers*, 486 F.3d at 241.

In discounting Sloan's testimony and claimed symptoms, the ALJ noted that in October 2014, Sloan had full 5/5 muscle strength, normal reflexes, and normal gait; was tolerating her medications well with no side effects, and had been off of narcotics "for quite some time now."  [ECF No. 11-2, Tr. 28, citing ECF No. 11-7, Tr. 277].  In November 2014, a doctor with the University of Michigan Health Systems found Sloan to have a good range of motion of all joints and normal strength.  [*Id.*, citing ECF No. 11-7, Tr. 286].  An MRI performed at that time showed circumferential disc bulge with superimposed large left paracentral disc extrusion at L5-S1 causing spinal stenosis and mass effect on the left S1 lateral, mild bilateral neural foramina narrowing at that level, and circumferential disc bulges at L2-L3 and L4-L5, causing moderate right and left neural foramina narrowing respectively.  [*Id.*, citing ECF No. 11-7, Tr. 280-81].

Earlier in November 2014, Dr. Lazzara performed a consultative physical examination of Sloan.  [ECF No. 11-7, Tr. 263-69].  Dr. Lazzara found cervical and lumbar spine straightening, and that Sloan had mild difficulty getting on and off of the examination table, severe difficulty heel and toe walking, moderate difficulty squatting, and severe difficulty hopping on her left foot.  [*Id.*, Tr. 266].  Straight leg raising was positive to sixty degrees on the right and forty degrees on the left.  [*Id.*].  He also charted

7

her ranges of motion, which were limited in the cervical and dorsolumbar spine categories and normal for all other areas.  [*Id.*, Tr. 267-69].  Dr. Lazzara concluded that Sloan suffered from ankylosing spondylitis, that use of a cane for pain control would be helpful, and that her condition was most likely permanent, but possibly controllable.  [*Id.*, Tr. 269].

The ALJ afforded great weight to Dr. Lazzara's clinical findings, but stated that Dr. Lazzara did not offer an opinion on Sloan's ability to perform work activities.  [ECF No. 11-2, Tr. 30].  This was an error, as Dr. Lazzara did include a chart with a list of abilities and indicated whether or not Sloan could perform each.  [ECF No. 11-7, Tr. 263-64].  He indicated that Sloan could do all of the listed abilities except stooping, squatting, and arising from squatting.  [*Id.*].  Dr. Lazarra also indicated that she would need assistance to stand and climb stairs, and could only tie her shoes and dress/undress with difficulty.  [*Id.*].

Later, state agency consultant R. H. Digby, M.D., M.P.H., assessed the available records as of November 10, 2014, including Dr. Lazarra's report, and opined that Sloan could perform sedentary work with additional limitations on performing left foot tasks, postural activities, and exposure to extreme cold, noise, and hazards.  [ECF No. 11-3, Tr. 74-85].  The ALJ assigned significant weight to this opinion, but added additional limitations

to the RFC that he found were supported by the record.  [ECF No. 11-2, Tr. 30].

In January 2015, Sloan's primary care physician Christopher Iacobelli, M.D., found her to have 5/5 muscle strength, intact reflexes, and normal gait, noting that there was possibly a "large psychological component to her pain."  [ECF No. 11-7, Tr. 278].  Following an epidural injection, she was ambulatory with a steady gait and did not need an assistive device.  [*Id.*, Tr. 294].  In September 2015, Sloan presented with a cough and back pain, and examination found normal range of motion of the neck, normal inspection of the back, no pain with straight leg raises, and no tenderness.  [*Id.*, Tr. 303].

### C.

In finding Sloan's allegations "not fully supported," the ALJ noted that the medical record was sparse and did not contain treatment notes for any ailment lasting over one year.  [*Id.*].  An impairment that does not to meet the 12-month durational requirement does not establish a disability.  *See* Social Security Ruling (SSR) 82-52, 1982 WL 31376 (severe impairment must last or be expected to last for at least 12 continuous months); 20 C.F.R. pt. 404, subpt. P., app. 1, § 1.00D ("Because abnormal physical

findings may be intermittent, their presence over a period of time must be established by a record of ongoing management and evaluation.").

Sloan argues that the ALJ should not have given the greatest weight to Dr. Digby's opinion, as he was a non-examining source and the opinion predated significant medical evidence.  But "[s]tate agency consultants are highly qualified specialists who are also experts in the Social Security disability programs, and their opinions may be entitled to great weight if the evidence supports their opinions."  *Todd v. Comm'r of Soc. Sec.*, No. 114CV01141STATMP, 2017 WL 3835702, at *3 (W.D. Tenn. Sept. 1, 2017) (citing 20 C.F.R. § 404.1527(e)(2)(i); Soc. Sec. Rul. 96-6p, 1996 WL 374180, 61 Fed. Reg. 34,466-01 (July 2, 1996)).

Sloan complains that Dr. Digby was unable to consider her MRI on November 23, 2014, or her electrodiagnostic testing results on November 25, 2014.  [ECF No. 11-7, Tr. 272-74, 280-81].  "Where the non-examining source did not review a complete case record, we require some indication that the ALJ at least considered these facts before giving greater weight to an opinion from the non-examining source."  *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 834 (6th Cir. 2016) (internal quotation marks and citations omitted).  Here, the ALJ accurately summarized the results of both tests in his review of the medical record, and imposed greater limitations than

those recommended by Dr. Digby based on his complete review of the record.  [ECF No. 11-2, Tr. 28, 29].  So the ALJ decision to give great weight to Dr. Digby's opinion was within his zone of choice.  *Downing v. Berryhill*, No. CV 16-10321, 2017 WL 2214591, at *3 (E.D. Mich. Mar. 16, 2017) (ALJ's reliance on state agency opinion was within zone of choice because the ALJ added limitations based upon later records).

Sloan also fails because she provides no evidence that the MRI or electrodiagnostic testing show that her impairments were any different than on November 6, 2014, when she was examined by Dr. Lazarra. [ECF No. 11-7, Tr. 263-69].  She notes that she was that diagnosed with radiculopathy, but that diagnosis says nothing about its disabling effects. *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988).

Sloan suggests that Dr. Lazzara's opinion supports her claim of disability.  Dr. Lazzara indicated that there was clinical evidence showing that Sloan required a walking aid to reduce pain; he did not check the box indicating that the device is "Needed; Would Fall Without Aid; Clinically Req'd."  [ECF No. 11-7, Tr. 264].  It is far from clear that Dr. Lazzara's opinion supports a finding that she requires a more restrictive RFC, as the RFC imposed by the ALJ limited her to sedentary work, with only up to two hours of walking and standing, and with the need for an assistive device for

11

uneven terrain or prolonged ambulation.  [ECF No. 11-2, Tr. 26].  But even

assuming the Dr. Lararra's opinion would call for a more restrictive RFC,

since he was not a treating physician, the ALJ was not required to defer to

his opinion.  *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir.

2017).  Rather, the ALJ was required to consider the consistency of his

opinion with the record as a whole.  *Rudd v. Comm'r of Soc. Sec.*, 531 F.

App'x 719, 730 (6th Cir. 2013).  In assessing Sloan's RFC, the ALJ cited to

records indicating that Sloan had a normal gait, and one in January 2015

that specifically said that she did not need an assistive device for

ambulation.  [ECF No. 11-2, Tr. 28-29, citing ECF No. 11-7, Tr. 277, 278,

294].  This constitutes substantial evidence to support the ALJ's

determination that Sloan needs an ambulatory aid only for uneven terrain

or prolonged ambulation.

Sloan emphasizes Dr. Lazzara's findings of positive straight leg

raising bilaterally, limited cervical and dorsolumbar motion, diminished

motor strength in the left lower extremity, and dysesthesia at S1 to the left

foot with hyperreflexia.  [ECF No. 17, PageID 392, citing ECF No. 11-7, Tr.

268].  These findings may support a finding of disability, but, "[i]f the

Secretary's decision is supported by substantial evidence, it must be

affirmed even if the reviewing court would decide the matter differently, and

12

even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations and internal quotation marks omitted).

The ALJ's decision was supported by substantial evidence, and the Court finds no reason to disturb his credibility finding.

## III.   CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Sloan's motion for summary judgment be [ECF No. 17] be **DENIED**; that the Commissioner's motion [ECF No. 23] be **GRANTED**; and that the Commissioner's decision be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
Dated: March 29, 2018            United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*,

13

638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 29, 2018.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager