**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MONICA INGER SLOAN,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

Case No. 17-11150

Hon. Marianne O. Battani

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS
AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

Before the Court are objections filed by Plaintiff Monica Inger Sloan (Dkt. 26) to Magistrate Judge Elizabeth A. Stafford's March 29, 2018 Report and Recommendation ("R & R") (Dkt. 25). In the R & R, the Magistrate Judge recommends that the Court deny Plaintiff's motion for summary judgment (Dkt. 17), grant the Defendant Commissioner of Social Security's motion for summary judgment (Dkt. 23), and affirm the challenged decision of the Defendant Commissioner. For the reasons discussed below, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Magistrate Judge's R & R in its entirety.

## II. STATEMENT OF FACTS

Neither party has objected to the Magistrate Judge's statement of the background facts concerning Plaintiff's claim for Social Security disability insurance benefits, her medical and treatment history, and her testimony at the administrative hearing. Accordingly, the Court adopts these unchallenged portions of the R & R.

## III. STANDARD OF REVIEW

A district court must conduct a *de novo* review of any portion of a magistrate judge's R & R to which a party objects. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." *United States v. Shami,* 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of matters referred to a magistrate judge. *Flournoy v. Marshall,* 842 F.2d 875, 878 (6th Cir. 1988).

The Court must affirm the decision of the Defendant Commissioner so long as "it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Commissioner of Social Security,* 486 F.3d 234, 241 (6th Cir. 2007). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers,* 486 F.3d at 241 (internal quotation marks and citation omitted). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter

differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Secretary of Health & Human Services,* 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted).

When determining whether the Defendant Commissioner's factual findings are supported by substantial evidence, the Court confines its examination to the administrative record considered as a whole. *Wyatt v. Secretary of Health & Human Services,* 974 F.2d 680, 683 (6th Cir. 1992) (internal quotation marks and citation omitted). There is no requirement, however, that either the Commissioner or this Court must discuss every piece of evidence in the record. *Kornecky v. Commissioner of Social Security,* No. 04-2171, 167 F. App'x 496, 508 (6th Cir. Feb. 9, 2006). Further, in reviewing the Defendant Commissioner's resolution of Plaintiff's claim for benefits, this Court does not "try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon,* 499 F.3d 506, 509 (6th Cir. 2007).

## IV.     ANALYSIS

### A.     Plaintiff's First Objection

Plaintiff advances two objections to the R & R. First, she takes issue with the decision of the Administrative Law Judge ("ALJ") to give "significant weight" to the opinion of a non-examining state agency consultant, R.H. Digby, M.D., (*see* Admin. Record at 30), and she contends that the Magistrate Judge misapplied the pertinent Sixth Circuit precedent in upholding the ALJ's determination on this point. Specifically, Plaintiff points to *Miller v. Commissioner of Social Security,* 811 F.3d 825, 834 (6th Cir. 2016), in which the Sixth Circuit considered the authority of an ALJ to "assign[] greater weight to a state agency consultant's opinion than to that of a treating or examining

source." The court recognized that this may be permissible "under certain circumstances," such as "where the non-examining source's opinion 'is based on a review of a complete case record.'" *Miller,* 811 F.3d at 834 (quoting Social Security Ruling 96-6p, 1996 WL 374180, at *3 (July 2, 1996)); *see also Fisk v. Astrue,* No. 06-4677, 253 F. App'x 580, 585 (6th Cir. Nov. 9, 2007). However, the Sixth Circuit emphasized that when this is not the case — *i.e.,* when "the non-examining source did not review a complete case record" — the reviewing court "require[s] some indication that the ALJ at least considered these facts before giving greater weight to an opinion from the non-examining source." *Miller,* 811 F.3d at 834 (internal quotation marks and citations omitted); *see also Fisk,* 253 F. App'x at 585. In the case before the court, the "ALJ gave no such indication," and the court therefore concluded that the ALJ "did not provide a sufficient explanation for assigning significant weight to a non-examining source's opinion." *Miller,* 811 F.3d at 834.

In this case, all are agreed that Dr. Digby did not have the complete case record available to him at the time he issued his November 18, 2014 assessment of Plaintiff's physical residual functional capacity. In particular, within a short time after Dr. Digby's assessment, a lumbar MRI was performed on November 23, 2014, (*see* Admin. Record at 280-81), and Plaintiff underwent electrodiagnostic testing on December 19, 2014, (*see id.* at 272-74). Nonetheless, the Magistrate Judge concluded that the ALJ satisfied the dictates of *Miller* — and thus acted appropriately in according significant weight to the opinion of Dr. Digby — by "accurately summariz[ing] the results of both tests" that were performed after Dr. Digby issued his assessment, and by "impos[ing] greater limitations than those recommended by Dr. Digby based on [the ALJ's] complete review

4

of the record." (R & R at 10-11.) Plaintiff, on the other hand, reads *Miller* as mandating that the ALJ must have indicated in some way and taken "into account the fact that the medical opinion [to which] he was giving significant weight was not based upon a complete medical record." (Dkt. 26, Plaintiff's Objections at 2.) In Plaintiff's view, because the ALJ's decision does not sufficiently reflect his recognition and appreciation that Dr. Digby's assessment was based on a review of a less-than-complete record, the ALJ was not entitled to give greater weight to the opinion of this non-examining source than the opinions of Plaintiff's treating or examining physicians.

The disposition of Plaintiff's objection therefore turns upon the proper interpretation of *Miller* and the other relevant Sixth Circuit precedents. Unfortunately, *Miller* itself is not entirely clear on this point. As noted, the court in that case stated that "[w]here the non-examining source did not review a complete case record, we require some indication that the ALJ at least **considered these facts** before giving greater weight to an opinion from the non-examining source." *Miller,* 811 F.3d at 834 (emphasis added) (internal quotation marks and citations omitted). Yet, the court does not explain what "these facts" are that the ALJ must consider. The Magistrate Judge identified the relevant facts as those that lie outside the portion of the case record that the non-examining source, Dr. Digby, reviewed in rendering his opinion. (*See* R & R at 10-11.) Plaintiff, however, construes *Miller*'s reference to "these facts" as dictating that if an ALJ elects to give significant weight to the "opinion of a one-time examiner who lack[s] full knowledge of the record," the ALJ's decision must "ma[k]e it clear that he recognized that shortcoming" in the non-treating source's opinion. (Plaintiff's Objections at 2-3.)

5

The Court finds that the Magistrate Judge has advanced the better reading of *Miller.* First and foremost, when the court in *Miller* referred to "these facts" that the ALJ must consider, it was quoting from the Sixth Circuit's earlier decision in *Fisk,* 253 F. App'x at 585. In that case, the ALJ gave greater weight to the opinion of a state agency medical consultant than to that of the claimant's treating physician. As in *Miller,* the court in *Fisk* recognized that this was permissible if, for example, "the State agency medical consultant's opinion is based on a review of a complete case record that provides more detailed and comprehensive information than what was available to the [claimant's] treating source." *Fisk,* 253 F. App'x at 585 (internal quotation marks, alterations, and citation omitted). Yet, the court found that the opposite was true in that case: "where, as here, the *treating* source referred [the claimant] to numerous sources and made recommendations that accounted for a year's worth of specialists' opinions, we require some indication that the ALJ at least considered these facts before giving greater weight to an opinion that is not based on a review of the complete case record." 253 F. App'x at 585 (internal quotation marks and citations omitted). As used in *Fisk,* the phrase "these facts" seemingly refers to the portion of the record that was available to the treating physician but not the non-examining state agency medical consultant. Because the non-examining consultant had access to less information than the treating physician, the court insisted that the ALJ must account for this informational disparity before giving greater weight to the opinion of the non-examining source, and it concluded that the ALJ had not done so. *Fisk,* 253 F. App'x at 585-86.

Other case law in this Circuit confirms this understanding of *Miller.* In *Gibbens v. Commissioner of Social Security,* No. 15-2364, 659 F. App'x 238, 247-48 (6th Cir. Aug.

6

16, 2016), for example, the Sixth Circuit held that the ALJ had properly credited the opinion of a non-examining state agency consultant over the more restrictive opinion of the plaintiff's treating physician, despite the fact that the plaintiff continued to receive medical treatment for several years past the date of the state agency consultant's assessment. In so ruling, the court held that the ALJ had "satisfied th[e] requirement" set forth in *Miller,* where "the ALJ's own analysis clearly spanned the entire record" and "was informed by both [the state agency consultant's] assessment and the findings of [a prior] complete physical examination, as well as medical evidence later entered into the record." *Gibbens,* 659 F. App'x at 248. Similarly, in *Bryant v. Commissioner of Social Security,* No. 17-10919, 2018 WL 3853599, at *1 (E.D. Mich. Aug. 14, 2018), the court held that the ALJ had sufficiently accounted for the fact that a state agency consultant had not reviewed the complete record in assessing the plaintiff's psychological limitations, where (i) "the ALJ recognized the dates of the various medical opinions," and thus "knew the consultant was not looking at a complete record because the consultant's report predated other opinions in the record," and (ii) "the ALJ did not wholesale adopt the consultant's opinion," but instead rendered a decision that made it clear that "subsequent records were reviewed." *See also Bailey-Vassoff v. Berryhill,* No. 17-12090, 2018 WL 4292400, at *5-*6 (E.D. Mich. Sept. 10, 2018) (upholding the ALJ's reliance on the opinion of a non-examining state agency physician who "did not review the complete case record," where it was evident that the ALJ had "carefully considered all of plaintiff's medical records"); *Downing v. Berryhill,* No. 16-10321, 2017 WL 2214591, at *3 (E.D. Mich. March 16, 2017) (holding that the ALJ was entitled to rely on the opinion of a state agency consultant that predated the opinions of two

treating physicians, where "the ALJ recounted the evidence that followed [the consultant's] opinion" and incorporated an additional limitation based on one of the later reports).

Against this backdrop, the Court concurs in the Magistrate Judge's determination that the ALJ met the dictates of *Miller* by "accurately summarizing the results" of the two tests that post-dated Dr. Digby's opinion as part of "his review of the medical record," and by "impos[ing] greater limitations than those recommended by Dr. Digby based on [this] complete review of the record." (R & R at 10-11.) Although Plaintiff takes issue with the Magistrate Judge's understanding of what *Miller* requires, she acknowledges that the ALJ did, in fact, "analyze[] the additional evidence" placed into the medical record after Dr. Digby issued his opinion. (Plaintiff's Objections at 3.) Moreover, the Magistrate Judge correctly observed that Plaintiff has failed to show how the MRI and electrodiagnostic tests conducted after Dr. Digby's report might indicate that Plaintiff's impairments had worsened. (*See id.* at 11.) Even accepting Plaintiff's assertion that these tests revealed "significant findings" and diagnoses, (Plaintiff's Objections at 3), the Magistrate Judge aptly explained that such diagnoses "say[] nothing about [any] disabling effects" resulting from the conditions disclosed in the tests, (R & R at 11). Accordingly, the Court overrules Plaintiff's first objection to the R & R.

**B.    Plaintiff's Second Objection**

Plaintiff's remaining objection to the R & R is more readily resolved. In Plaintiff's view, the Magistrate Judge erred in determining that the ALJ sufficiently accounted for the opinion of consultative examiner R. Scott Lazzara, M.D., in formulating Plaintiff's residual functional capacity ("RFC"). As recognized by the Magistrate Judge, the ALJ

erred in his reading of Dr. Lazzara's November 6, 2014 report, asserting that this physician "did not offer an opinion regarding the claimant's physical ability to perform basic work activities." (Admin. Record at 30.) In fact, Dr. Lazzara's report does "include a chart with a list of abilities and [an] indicat[ion] whether or not [Plaintiff] could perform each." (R & R at 8 (citing Admin. Record at 263-64).) Nonetheless, the Magistrate Judge concluded that the ALJ's treatment of Dr. Lazzara's opinion was supported by substantial evidence, where (i) it was "far from clear that Dr. Lazzara's opinion supports a finding that [Plaintiff] requires a more restrictive RFC," and (ii) Dr. Lazzara was "not a treating physician," and the ALJ thus "was not required to defer to his opinion." (R & R at 11-12.) Plaintiff now challenges this ruling, arguing that the Magistrate Judge has "misse[d] the point of [her] argument" — namely, that the ALJ cannot be said to have properly accounted for Dr. Lazzara's opinion when he seemingly failed "to realize that Dr. Lazzara even rendered findings" as to Plaintiff's need for "a walking aid to reduce pain." (Plaintiff's Objections at 4.)

This objection is defeated by a careful reading of the ALJ's decision. According to Plaintiff, the ALJ wholly failed to realize that Dr. Lazzara offered an opinion regarding Plaintiff's need for an assistive device to reduce her pain while walking, and instead determined that the only "evidence as to [P]laintiff's need for a cane came from [P]laintiff herself." (*Id.* at 4-5.) Yet, while it is true that the ALJ's decision twice refers to Plaintiff's own testimony that "she requires the use of a cane for prolonged ambulation," the ALJ also stated that Dr. Lazzara "recommended the use of a cane for pain control." (Admin. Record at 30.) This is precisely what Dr. Lazzara wrote at the conclusion of his report — *i.e.,* that "[t]he use of a cane for pain control would be helpful," (*id.* at 269) — and he

9

also checked boxes earlier in this report indicating that "clinical evidence support[s] the need for [a] walking aid" in order to "[r]educe [p]ain," (*id.* at 264).

Thus, there is no basis for Plaintiff's assertion that the ALJ failed to "consider [Dr. Lazzara's] opinion *at all,"* (Plaintiff's Objections at 5), in determining, as part of Plaintiff's RFC, that Plaintiff was "limited to jobs that can be performed while using a handheld assistive device for uneven terrain or prolonged ambulation," (Admin. Record at 26). Rather, for the reasons stated in the R & R, the ALJ sufficiently accounted for Dr. Lazzara's opinion on this point in formulating Plaintiff's RFC. (*See* R & R at 11-13.) To the extent that the ALJ did not adopt this opinion in full, the Magistrate Judge correctly observed that he was not obligated to do so, but instead "was required to consider the consistency of [Dr. Lazzara's] opinion with the record as a whole." (*Id.* at 12.) The Court agrees with the Magistrate Judge that the ALJ discharged this duty.

## V.    CONCLUSION

The Court has reviewed *de novo* the entire record and the pleadings, giving particular attention to those portions of the record relevant to Plaintiff's objections. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's March 29, 2018 report and recommendation (Dkt. 25) in its entirety, and **OVERRULES** Plaintiff's April 12, 2018 objections to the report and recommendation (Dkt. 26). Accordingly, Plaintiff's motion for summary

judgment (Dkt. 17) is **DENIED**, Defendant's motion for summary judgment (Dkt. 23) is **GRANTED**, and the challenged decision of the Defendant Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

Date: February 6, 2019

s/Marianne O. Battani
MARIANNE O. BATTANI
United States District Judge

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on February 6, 2019.

s/ Kay Doaks
Case Manager